10-703-ag
Zheng v. Holder

BIA
Schoppert, IJ
A099 930 632

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand eleven.

PRESENT:
>ROBERT D. SACK,
>REENA RAGGI,
>DENNY CHIN,
> *Circuit Judges.*

_____

DONG BIAO ZHENG,
> *Petitioner,*

> v.                                                      10-703-ag
>                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Chunyu Jean Wang, Flushing,
                         New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Russell J. E. Verby, Senior
                         Litigation Counsel; Kristin A.

**Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Dong Biao Zheng, a native and citizen of the People's Republic of China, seeks review of a February 4, 2010 order of the BIA, summarily affirming the June 24, 2008 decision of Immigration Judge ("IJ") Douglas Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Biao Zheng*, No. A099 930 632 (B.I.A. Feb. 4, 2010), *aff'g* No. A099 930 632 (Immig. Ct. N.Y. City June 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

1. <u>Asylum and Withholding of Removal</u>

The IJ correctly determined that Zheng was not *per se* eligible for relief based on his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007); *In re J-S-, 24 I. & N. Dec. 520 (BIA 2008).*[1] Further, substantial evidence supports the IJ's conclusion that Zheng failed to demonstrate past persecution on account of "other resistance to a coercive population control program." 8 U.S.C. § 1101(a)(42); *Shi Liang Lin*, 494 F.3d at 308-10. Even assuming, *arguendo*, that Zheng's attempted interference with his wife's involuntary insertion of an intrauterine device ("IUD") qualifies as "other resistance," the only harm he alleges is that family planning officials grabbed his collar, pointed to his forehead, and threatened him with arrest and sterilization if he fathered a second child. The IJ did not err in determining that unfulfilled threats are insufficient to support a finding of past

---

[1] To the extent Zheng contends that *Shi Liang Lin* was wrongly decided, we decline to entertain this argument. *See Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir. 2009) ("A prior decision of a panel of this court binds all subsequent panels absent a change in law by higher authority or by way of an in banc proceeding." (internal quotation marks omitted)).

persecution.  *See Gui Ci Pan v. U.S. Attorney General*, 449 F.3d 408, 412-13 (2d Cir. 2006); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).  Moreover, because Zheng identified no alternative basis for likely future persecution if returned to China, the IJ reasonably concluded that Zheng failed to demonstrate a well-founded fear of persecution, particularly in light of the fact that, following his wife's forced abortion, Zheng remained in China for five years without incident.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Zheng does not challenge on appeal the denial of his withholding of removal claim and, therefore, this claim is waived.  *See Shunfu Li v. Mukasey*, 529 F.3d at 146; *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).  In any event, because the withholding of removal analysis overlaps factually with the asylum analysis, but involves a higher burden of proof, Zheng's failure to establish his entitlement to asylum also defeats his withholding of removal claim.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Ramsameachire v. Ashcroft*, 357 F.3d at 178.

    2.   <u>Due Process and Equal Protection Claims</u>

4

Zheng submits that he was denied due process because (1) the IJ failed to analyze separately the record evidence supporting his claim for CAT relief; (2) he was denied an opportunity to re-frame his case in light of the decisions in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, and *In re J-S-, 24 I. & N. Dec. 520;* and (3) the IJ compared his case to an unrelated one. Zheng further submits that § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), as interpreted in *Shi Liang Lin* and *In re J-S-*, violates his right to equal protection because it discriminates against men.

Although the BIA does not have jurisdiction to adjudicate constitutional issues, *see, e.g., United States v. Gonzalez-Roque*, 301 F.3d 39, 47-48 (2d Cir. 2002), such claims must nevertheless be administratively exhausted when the BIA can adjudicate underlying issues concerning fairness of process and statutory interpretation, *see Theodoropoulos v. INS*, 358 F.3d 162, 172-73 (2d Cir. 2004). Because Zheng failed to raise his constitutional claims in his counseled brief to the BIA, we decline to consider these unexhausted arguments in the first instance. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122-23 (2d Cir. 2007) (holding that while administrative issue

exhaustion is not jurisdictional, it is in this court's discretion whether to review an issue not presented to the BIA); *see also Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

3.  <u>Conclusion</u>

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk